(No. 1869—

E. B. KAISER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 25, 1932.*

C. W. MIDDLEKAUF, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

The claimant, E. B. Kaiser, presents a claim for $12,-062.85. E. B. Kaiser is a trade name, the business being owned by Albert C. Kaiser and Edward W. Kaiser, co-partners doing business under the firm name of E. B. Kaiser. On November 7th, 1929, the complainants, who are plumbing contractors entered into a contract with the State of Illinois, through the Department of Purchases and Construction of which Mr. Henry H. Kohn is Director, to furnish material, labor and supervision in installing the plumbing in ten new buildings at the Lincoln State School and Colony, Lincoln, Illinois. When the contract was entered into, co-partnership included Edmund B. Kaiser who has since died.

The contract provides that the claimants, E. B. Kaiser, were to install the various items of plumbing in the ten build-

ings as the work of the general contractor, the J. B. French Company, should progress, Article 2 of the contract specifies that E. B. Kaiser shall substantially complete their contract by April 22, 1930.

It appears from the evidence submitted that it is the established custom of the building business that the plumbing contractors install the plumbing work at such times as the general contractor makes it possible, by his work, to have the plumbing installed, and that this plumbing cannot be installed until the general contractor's work has progressed to the point where such installation is possible.

The general contractor, the testimony shows, did not proceed with its work according to the contract and progress schedule, and therefore the claimants were delayed in completing their contract at the time specified. It seems clear from the evidence in the case that the claimants were constantly on the ground ready and willing to complete their contract but were delayed and hindered from so doing by the delays in the construction of the said ten buildings caused by the J. B. French Company. Inasmuch as the claimants had no contract, agreement or understanding of any kind with the J. B. French Company, and were not subcontractors under the direction of the general contractor, but that a separate contract directly with the State of Illinois, and the contract does not recite that the State shall not be holden for damages for delay, the State is liable to the Claimants for the damage actually sustained by them, and they should be reimbursed for added expenditures caused by the delay.

The claimants on July 23, 1930, advised the Department of Purchases and Construction that the delays of the general contractor had already cost the claimants $8,278.90. After some correspondence, the Division of Architecture and Engineering advised that the claim would have to be referred to this court. Thereafter, claimants aver on account of delays caused by the J. B. French Company, the claimants could not complete their contract until November 19, 1930, which was six months and twenty-seven days later than the time schedule agreed upon by the claimants and respondent. Upon the completion of their work, the claimants' total damage for extra expense caused by the delays was fixed at $12,062.85. This amount the Division of Architecture and Engineering says is exaggerated and should be reduced.

Therefore, although the respondent concedes that a legal liability does exist, by stating that the amount should be reduced yet it contends that the claim of $12,062.85 is excessive and not fully proven by the evidence. To support this contention reports from the Division of Architecture and Engineering set forth the negotiations for settlement and its recommendations in regard thereto. In these reports it appears that as to most of the items of damage there is no dispute.

There is no doubt that the claimant, E. B. Kaiser did submit its claim as set forth in the above reports. Furthermore, it is clear that E. B. Kaiser is the only one of the various contractors who filed a claim and therefore is the only contractor entitled to any consideration for damage due to the delays of the General Contractor.

No objection is made to an extra six month's salary paid to the field superintendent amounting to $2,210.00 and no objection is made to his expense of room and board and railroad fare expended during that time amounting to $447.36. However, respondent contends that the item of overhead during the period figured at $7,031.00 is unreasonable and excessive. The original report of the Division of Architecture and Engineering says that the sum of $3,131.97, which is set up therein is a reasonable allowance for overhead based upon the contract work to be done after June 4, 1930, amounting to $36,725.15, balance of the work on contract. This amount is undisputed as balance of work to be done. The Attorney General recommends that an award be made in the sum of $7,789.33. The court has carefully considered the evidence and has given cognizance to the cases and arguments submitted.

The Court of Claims is given jurisdiction in Paragraph 4 of Section 6 of the statute "to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, *ex contractu* and *ex delicto,* which the State, as a sovereign commonwealth, should in equity and good conscience discharge and pay." It is manifest from this provision of the statute that the legislature intended to give this court jurisdiction in such claims as herein presented and not only jurisdiction to determine whether the claimants are entitled to compensation, but also the amount they should be allowed.

Taking all the facts and circumstances into consideration with the reports from the Division of Architecture and Engineering and the recommendation of the Attorney General, we are of the opinion that the claimant is entitled to an award in the total sum of Seven Thousand Seven Hundred Eighty-nine and Thirty-three One Hundredths ($7,789.33) Dollars, and this court recommends that payment in that sum be allowed and made.